UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MATTHEW D. ADAMS,

    Defendant.

Case No. 23-cr-20013
Hon. Matthew F. Leitman

_____/

## ORDER DENYING WITHOUT PREJUDICE DEFENDANT'S MOTION FOR AMENDED JUDGMENT OF SENTENCE (ECF No. 27)

Defendant Matthew D. Adams was convicted of engaging in monetary transactions in property derived from specific unlawful activity in violation of 18 U.S.C. § 1957(a) and attempting to interfere with the administration of Internal Revenue Laws in violation of 26 U.S.C. § 7212(a). (*See* Judgment, ECF No. 21, PageID.210.) As part of his sentence, the Court imposed restitution of $3,354,973.00 and required that Adams pay monthly installment payments on the balance in the amount of $200.00 per month. (*Id.*, PageID.215-216.) Now before the Court is Adams' motion for an amended judgment of sentence "indicating that the monthly restitution payments [do] not commence until Defendant is released from custody." (Mot., ECF No. 27.) The Government opposes the motion. (*See* Resp., ECF No. 29.)

"As a general rule, a federal court may not modify a criminal sentence once it has been imposed." *United States v. London-Clayton*, 487 F.Supp.3d 626, 628 (E.D.

1

Mich. 2020) (citing *United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020)). In Adams' motion, he did not cite any authority supporting his contention that the Court, having imposed a sentence on him, may now modify his restitution order or alter his payment schedule. However, in the Government's response, the Government acknowledged that the Court may have the authority to amend the payment schedule pursuant to 18 U.S.C. § 3664(k). In Adams' reply, he urged the Court to do just that. For the reasons explained below, the Court declines to do so at this time and on this record.

Under Section 3664(k), a district court "may modify a final order of restitution upon a showing of a material change in the defendant's circumstances." *United States v. Holley*, No. 15-5492, 2020 WL 2316052, at *2 (6th Cir. Jan. 29, 2020). Section 3664(k) permits the court to adjust the defendant's payment schedule "if [the] defendant demonstrates, by a preponderance of the evidence, that there has been a 'material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution,' and that [the] defendant's current economic condition warrants such an adjustment, as the interests of justice require." *United States v. Rutledge*, No. 08-cr-125, 2023 WL 8853714, at *1 (E.D. Tenn. Dec. 21, 2023).

"However, before a court may alter restitution payments [under Section 3664(k)], there are prerequisite procedures that must be followed." *United States v. Wisdom*, No. 14-20359, 2021 WL 4949226, at *2 (E.D. Mich. Oct. 25, 2021). As another Judge of this Court has explained:

2

> Specifically, a defendant seeking modification of restitution must "notify the court and the Attorney General of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay restitution." [18 U.S.C. § 3664(k)]. The Attorney General must then "certify to the court that the victim or victims owed restitution by the defendant have been notified of the change in circumstances." *Id.* Only after the parties follow these steps may the court consider an adjustment of a defendant's payment schedule.

*Id.*

Adams is not entitled to relief under Section 3664(k) because he has not complied with the required procedures, nor has he satisfied its substantive requirements. More specifically, he has not notified the Attorney General of his changed circumstances, and he has not presented evidence proving his changed economic circumstances by a preponderance of the evidence. For these reasons, the Court declines to modify Adams' restitution payment schedule. His motion is **DENIED**. But the denial is **WITHOUT PREJUDICE**. Adams may renew the motion if he follows the required procedures and submits sufficient supporting evidence.

    **IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 27, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 27, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126